IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NATIONWIDE LIFE AND ANNUITY　　　　　　　　　　　　　　　　　　　　PLAINTIFF
INSURANCE COMPANY

VS.　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.: 4:16cv187-MPM-JMV

THE ESTATE OF KENNETH DAVES, and
MARY LOU DAVES　　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

**AGREED FINAL JUDGMENT OF DISCHARGE AND DISMISSAL WITH PREJUDICE**

　　　　This action is before the Court on the agreed *ore tenus* motion of Plaintiff Nationwide Life and Annuity Insurance Company ("Nationwide"), the interpleading party, for entry of a final judgment of discharge and dismissal with prejudice, and for entry of a permanent injunction pursuant to 28 U.S.C. § 2361.  The Court, having been fully informed in the premises and being advised that Defendants Mary Lou Daves and the Estate of Kenneth Daves agree to the relief sought by Nationwide, finds that Nationwide's motion is well taken and should be granted.  In granting Nationwide's motion, the Court finds as follows:

　　　　1.　　This action pertains to the proceeds of a life insurance policy issued by Nationwide for the life of Kenneth Daves (the "Decedent") bearing policy number L045227530 (the "Policy").

　　　　2.　　The Policy states a specified amount of $200,000.00 as the death benefit of the Policy.

　　　　3.　　The Policy listed Mary Lou Daves as the primary beneficiary, with no contingent beneficiaries.

　　　　4.　　The Decedent was shot while working in his convenience store in Carroll County, Mississippi, and found dead on July 29, 2015, from an apparent homicide.

5. As a result of local officials' on-going investigation into the Decedent's death and their failure to confirm that Ms. Daves is neither a suspect nor a person of interest in the investigation, Nationwide is uncertain whether it may lawfully pay the Policy proceeds to her or whether she will be precluded by law from recovering the proceeds, in which case the Policy proceeds would be lawfully owed to the Decedent's heirs. *Dill v. So. Farm Bureau Life Ins. Co.*, 797 So. 2d 858, 866 (Miss. 2001) (citing Miss. Code Ann. § 91-1-25; *Gholson v. Smith*, 48 So. 2d 603, 604 (Miss. 1950)).

6. Due to this uncertainty, there are potential competing claims between Ms. Daves and the Estate of Kenneth Daves to the proceeds of the Policy.

7. Nationwide is unable to establish the proper party to receive the Policy proceeds, and faces a potential for double, multiple, or competing liability for the proceeds.

8. On September 13, 2016, Nationwide filed the Complaint in Interpleader (Rec. Doc. 1) against the Defendants Ms. Daves and the Estate of Kenneth Daves in order to interplead the disputed funds and secure a discharge from the Court.

9. The Court has jurisdiction over the parties and the subject matter of this action.

10. Nationwide is a disinterested stakeholder and claims no beneficial interest in the Policy proceeds.

11. On January 17, 2017, Nationwide, with leave of Court, delivered a check made payable to the Clerk of the Court in the amount of $207,475.46, which comprises the sum of the death benefit arising under the Policy plus accrued interest from the date of death through January 17, 2017.

12. As a disinterested stakeholder, Nationwide should be fully and finally dismissed with prejudice from this action and discharged forever of any and all liability relating in any way

to the Policy, to the Defendants, or any other person or entity. *See Auto Parts Mfg. Miss., Inc. v. King Constr. of Houston, L.L.C.*, 782 F.3d 186, 194 (5th Cir. 2015).

13. The parties agree that Nationwide is entitled to receive $10,000.00 from the funds on deposit with the Court as compensation for Nationwide's costs and reasonable attorneys' fees incurred in connection with this interpleader action. *See Royal Indem. Co. v. Bates*, 307 F. App'x 801, 806 (5th Cir. 2009) (citing *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983)). This sum should be paid to Nationwide without delay.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** as follows:

A. That the sum of $207,475.46 is the sum of the death benefit owed under the Policy and accrued interest from the date of death through January 17, 2017.

B. That Nationwide is a disinterested stakeholder entitled to interpleader and that its January 17, 2017 deposit of $207,475.46 into the registry of the Court exhausted all of its obligations and liability under or in connection with the Policy.

C. That Nationwide is fully, finally, and forever discharged from any and all liability relating in any way to the Policy.

D. That the Defendants and any person acting in or on their behalf, including their agents, attorneys, successors, personal representatives, heirs, devisees, legatees, and assigns, are permanently enjoined and restrained from asserting, instituting, or prosecuting against Nationwide, its parents, subsidiaries, affiliates, agents, employees, officers, directors, attorneys, successors, assigns and administrators, any suit or proceeding in any court, state or federal, for any and all demands, claims, actions, or causes of actions pertaining to the Policy, the amounts payable under the Policy, or the proceeds made the subject of this interpleader action, pursuant to 28 U.S.C. § 2361.

E. That Nationwide is dismissed from this action with prejudice.

F. That Nationwide is entitled to an award of $10,000.00 from the funds on deposit with the Clerk of the Court for Nationwide's costs and reasonable attorneys' fees incurred in connection with this interpleader action. The Clerk of the Court is hereby directed to issue a check made payable to Nationwide Life and Annuity Insurance Company in the amount of $10,000.00 from the funds deposited by Nationwide within ten days of entry of this judgment.

G. That the Court finds there is no just reason for delay and that this Order constitutes a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this, the 7th day of August, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

**Agreed and Approved By**:

_____   Dated: _____
ANDREW S. HARRIS, MSB No. 104289
JONES WALKER LLP
190 East Capitol Street, Suite 800 (39201)
P.O. Box 427
Jackson, MS  39205-0427
Telephone: (601) 949-4900
Facsimile: (601) 949-4804
aharris@joneswalker.com

*Counsel for Nationwide Life and Annuity Insurance Company*


_____   Dated: _____
TODD A. COKER, MSB No. 99134
COKER LAW FIRM, PLLC
641 Lakeland East Dr., Suite H
Flowood, MS  39232
Tel.: (601) 941-5417; Fax: (888) 573-8956
toddacoker123@gmail.com

*Counsel for Defendant Mary Lou Daves*


_____   Dated: _____
M. KEVIN HORAN, MSB No. 2638
HORAN & HORAN, ATTORNEYS AT LAW
1500 Gateway St.
Grenade, MS  39801
Tel.: (662) 226-2185; Fax: (662) 226-2127
horanandhoran1@bellsouth.net

*Counsel for Defendant the Estate of Kenneth Daves*